**SO ORDERED.**

**SIGNED this 10th day of December, 2012.**




---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE:                                                )<br>                                                          )<br>PACE AIRLINES, INC.                        )<br>                                                          )<br>         Debtor.                                    )<br>_____)<br>                                                          )<br>GREGORY J. HENSLEY, on behalf of )<br>himself and on behalf of a class comprised )<br>of the other similarly situated former        )<br>employees of Defendant,                     )<br>                                                          )<br>         Plaintiff,                                  )<br>                                                          )<br>vs.                                                      )<br>                                                          )<br>PACE AIRLINES, INC.                        )<br>                                                          )<br>         Defendant.                              )<br>_____)  | Case No. B-09-52426C-7W<br><br><br><br><br><br>Adversary Proceeding<br>No. 10-6041 |

MEMORANDUM OPINION

Before the Court is the Application for Administrative Expenses in the amount of $53,463.96 (the "Application") filed by Outten & Golden LLP ("O&G") on September 7, 2012. The Court held a hearing on the Application on October 10, 2012. At the hearing, C. Edwin Allman, III appeared

1

in his capacity as Chapter 7 trustee (the "Trustee"), Robert E. Price, Jr. appeared for the Office of the United States Bankruptcy Administrator (the "Bankruptcy Administrator"), and Jack A. Raisner appeared telephonically for O&G. At the hearing, the Court considered the Application, the objections of the Trustee and the Bankruptcy Administrator, and the arguments presented, and approved the Application as a general unsecured claim but not as an administrative claim. This memorandum opinion restates and explains the Court's verbal ruling.

## I. FACTS

The operations of Pace Airlines, Inc. ("Pace") were closed in September of 2009 without any prior formal notice to its employees, as required by the Worker Adjustment and Retraining Act ("WARN Act"), 29 U.S.C. § 2101 et seq. On October 13, 2009, Gregory J. Hensley, on behalf of himself and all others similarly situated, filed a complaint in the United States District Court for the Middle District of North Carolina alleging violations of the WARN Act.[1] An involuntary Chapter 7 bankruptcy was filed against Pace on December 2, 2009, and an order for relief was entered on December 29, 2009. Allman was appointed to serve as Trustee. On July 30, 2010, this adversary proceeding was initiated by Mr. Hensley, again on behalf of himself and all others similarly situated, based on the prepetition failure of Pace to provide the statutorily mandated sixty days advance notice of closing.[2] O&G served as counsel to the WARN plaintiffs in this adversary proceeding.

Following the filing of the complaint, the Trustee and O&G agreed that, in light of the financially strained bankruptcy estate, it was in the best interest of all parties to hold this adversary proceeding in abeyance. After investigating the claims, the Trustee determined that the allegations

---

[1] Hensley v. Pace Airlines, 1:09-cv-801 (M.D.N.C.).

[2] On June 30, 2011, because of the bankruptcy, the District Court case was closed.

in the complaint were well founded and that Pace had in fact violated the WARN Act by not providing sixty days notice to its employees of the business closure and mass termination. Rather than seeking class certification and adjudicating the WARN claims under Federal Rule of Civil Procedure 23, however, the Trustee and O&G agreed to address the WARN claims through the bankruptcy claims resolution process. On May 4, 2012, the Court approved the Trustee's Motion for Order Approving Process and Procedure for the Allowance of Priority Employee Wage Claims Pursuant to Section 507(a)(4) of the Bankruptcy Code, to which O&G filed a Limited Joinder in Support. Although O&G did not move to dismiss this adversary proceeding at that time, O&G's Joinder stated that once the claims resolution process was complete, it would dismiss the complaint.

The Application seeks treatment for services rendered and expenses incurred by O&G as an administrative expense under Section 503. Specifically, the Application seeks an award of attorneys' fees of $45,336.00 and reimbursement of expenses of $8,127.96 for its representation of Mr. Hensley and the putative class members in this adversary proceeding. Both the Bankruptcy Administrator and the Trustee objected to O&G's Application, arguing that O&G's fees and expenses should be treated as a general unsecured claim.

## II.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in Stern v. Marshall, 564 U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

III.  ANALYSIS

The issue before the Court is whether O&G's attorneys' fees and expenses are entitled to administrative expense status.  According to 29 U.S.C. § 2104(6), a plaintiff who prevails on his WARN Act claim may receive his attorneys' fees at the court's discretion.  <u>See also</u> <u>In re Continentalafa Dispensing Co.</u>, 403 B.R. 653, 659 (Bankr. E.D. Mo. 2009).  Under the WARN Act, affected employees are entitled to at least sixty days' notice of a potential termination.  29 U.S.C. § 2104(a); <u>In re Powermate Holding Corp.</u>, 394 B.R. 765, 770 (Bankr. D. Del. 2008).  When an employer fails to give such a warning, such affected employees are entitled to back pay and benefits for up to sixty days.  29 U.S.C. § 2104(a)(1).  The Trustee does not dispute that there were WARN Act violations; indeed, the Trustee sought and received Court approval to include WARN Act damages in the employee claims, which will be paid as priority claims under Section 507(a)(4). Leaving aside whether this favorable outcome for the former Pace employees would entitle O&G to court awarded attorneys fees under 29 U.S.C. § 2104(6), the Court must determine whether O&G's fees and expenses may be allowed as an administrative expense under the Bankruptcy Code.

Because priority for administrative claims departs from the Code's policy of equality of distribution, the party seeking administrative priority bears the burden of proof.  <u>In re National Steel Corp.</u>, 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004).  The standard of proof is a preponderance of the evidence.  <u>Id.</u>  Proving entitlement as an "actual and necessary" expense is narrowly construed. <u>Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.</u>, 547 U.S. 651,  667 (2006); <u>In re Palau Corp.</u>, 18 F.3d 746, 750 (9th Cir. 1994); <u>In re Metro Fulfillment, Inc.</u>, 294 B.R. 306, 309 (B.A.P. 9th Cir. 2003). As a general rule, an administrative expense claimant must show that the claim was incurred post-petition, that it directly and substantially benefitted the estate, and that it is an "actual and

4

necessary" expense. In re First Magnus Fin. Corp., 390 B.R. 667, 674 (Bankr. D. Ariz. 2008) (citing Hanna, 168 B.R. at 388; Metro Fulfillment, 294 B.R. at 309). As the Supreme Court has explained, "[I]f one claimant is to be preferred over others, the purpose should be clear from the statute . . . " Howard Delivery Serv., 547 U.S. at 667.

Although O&G bears the burden of proof to demonstrate that its claim is entitled to an administrative priority, it elected not to file a brief, to appear in person at the October 10, 2012 hearing,[3] or to present evidence of any kind. Neither the Application nor O&G's arguments at the October 10 hearing cited any specific provision of the Bankruptcy Code, leaving the Court to grapple with how the Application could be allowed under Sections 330(a), 507(a)(2), and/or 503(b)–issues of proof that are properly the burden of O&G.

The Court is unable to conclude that O&G is entitled to an administrative expense for its legal fees and expenses. As an initial matter, some of the fees for which O&G seeks an administrative expense are for services rendered by the firm prepetition.[4] Because administrative expenses include "the actual, necessary costs and expenses . . . rendered after the commencement of the case," that portion of the Application could not possibly be an administrative expense. 11 U.S.C. § 503(b)(1)(A) (emphasis added). There is no basis for allowing as an administrative expense fees for prepetition services in the assertion of a prepetition claim.

The portion of the Application that seeks administrative priority status for post-petition legal services must also be denied under the plain meaning of Section 503(b)(1)(A). Section 503(b)

---

[3] Raisner appeared telephonically at the October 10 hearing.

[4] The Bankruptcy Administrator determined that $13,799 of the fee requested in the Application was related to time expended by the firm prepetition.

expenses are granted for rendering services related to the "actual, necessary costs and expenses of preserving the estate." (emphasis added). An "estate" is not created until a bankruptcy case is commenced. 11 U.S.C. § 541(a). Therefore, O&G must prove that the claim or debt arose from a post-petition transaction with the Trustee, and that the transaction directly and substantially benefitted the estate. Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.), 319 F.3d 1166, 1172 (9th Cir. 2003); Abercrombie v. Hayden Corp. (In re Abercrombie), 139 F.3d 755, 757 (9th Cir. 1988). By definition, a WARN Act claim, for an employee who was terminated prepetition, can never be an actual and necessary expense of preserving an estate: the claim did not originate post-petition, and the employee did nothing to preserve the bankruptcy estate. First Magnus Fin. Corp., 390 B.R. at 679. Here, the WARN plaintiffs were terminated by Pace on September 8, 2009–two months before the petition date. (Complaint ¶ 9.) All of the elements of the WARN Act claim arose prepetition. The original complaint was filed in the District Court on October 13, 2009–prepetition. Indeed, O&G even sought prepetition priority status for the WARN Act wage claims. O&G's legal services to the WARN Act plaintiffs cannot be "actual and necessary costs of preserving the estate" under Section 503(b) because the claim is rooted entirely in prepetition conduct. O&G has failed to carry its burden on the first element of administrative status.

The Court is also unable to find a basis for an administrative priority under Section 503(b)(1)(A)(ii). This subsection, which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, allows an administrative expense priority for "wages and benefits . . . awarded as back pay."[5] WARN Act damages, including attorneys fees,

---

[5] The full text of the section provides:

> (b) ... there shall be allowed administrative expenses ...

are entitled to administrative priority only if they are attributable to a post-petition period of time; otherwise, the wage claims must be administered as fourth and fifth priority claims under Section 507(a)(4)-(5), with any amount exceeding the statutory cap constituting general unsecured claims. See Powermate Holding, 394 B.R. at 779 (damages awarded under the WARN Act for prepetition termination are not administrative expenses under the plain language of § 503); First Magnus Fin. Corp., 390 B.R. at 679 (employees not employed after the filing date are given a priority over other unsecured creditors for up to $10,950, earned within the previous six months, and a general unsecured claim for other WARN Act damages in excess of the $10,950 cap); Continentalafa Dispensing Co., 403 B.R. at 658 (per § 503(b)(1)(A), administrative expense status may be given only to the post-petition portion of the claim). Here, the employee claims do not qualify for administrative claim status because they were terminated approximately two months prior to the petition date. The fees charged by O&G, therefore, are also not entitled to administrative expense status under Section 503(b)(1)(A)(ii).

Although it was not cited in the Application, the Court is aware of one case in which a

---

including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including . . .
(ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the cause under this title ...

Bankruptcy Court granted administrative status to attorney fee claims for WARN Act plaintiffs terminated prepetition. In Barnett v. Jamesway Corp. (In re Jamesway Corp.), 242 B.R.130 (Bankr. S.D.N.Y. 1999), as in this case, the basis for the WARN Act claims was the prepetition conduct of the debtor. Unlike Pace, however, the debtor in Jamesway actively defended the prepetition WARN claims during the pendency of the bankruptcy. The Jamesway Court reasoned that the claims had been actively litigated post-petition, that the fees were not awarded until after the petition was filed, and that it would be poor policy to allow a debtor, having lost a WARN Act case, to then relegate the attorney fees to a low priority. Jamesway, 242 B.R. at 134. In this case, the Trustee never contested WARN Act liability, and, indeed, worked with the plaintiffs to include the WARN Act claims in the employee wage claims. Quite apart from "active litigation," the WARN adversary proceeding never advanced past the pretrial stage. In addition to this factual difference, it should be noted that Jamesway relied heavily on In re Execuair Corp., 125 B. R. 600 (Bankr. C.D. Cal. 1991), which the Ninth Circuit later expressly disapproved in Kadjevich v. Kadjevich (In re Kadjevich), 220 F.3d 1016, 1019 (9th Cir. 2000).[6] For these reasons, Jamesway does not support the Application.

## IV. CONCLUSION

---

[6] Jamesway also relied upon Irmas Family Trust v. Madden (In re Madden), 185 B.R. 815, 819 (9th Cir. BAP 1995), which extended the rationale articulated in Execuair to a situation involving post-petition attorneys' fees awarded in connection with litigation concerning a prepetition contract. The Jamesway court acknowledged that Madden was overruled by Abercrombie v. Hayden Corp. (In re David Abercrombie), 139 F.3d 755 (9th Cir.1998). Jamesway, 242 B.R. at 134.

O&G failed to carry its burden to demonstrate that the fees and expenses sought in the Application are entitled to administrative status under Section 503(b). The Application is allowed as a general unsecured claim in the amount of $43,846 in fees and $7,920.46 in expenses.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

END OF DOCUMENT